IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. LOYD

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLANT,

V.

MIKAEL D. LOYD, APPELLEE.

Filed December 15, 2015.    No. A-15-414.

Appeal from the District Court for Douglas County: JOSEPH S. TROIA, Judge. Affirmed.

Rob D. MacTaggart and Erika Y. Buenrostro, Deputy Douglas County Attorneys, and Michael Mills, Senior Certified Law Student, for appellant.

Thomas C. Riley, Douglas County Public Defender, and L. Robert Marcuzzo for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

MOORE, Chief Judge.

### INTRODUCTION

The appellee, Mikael D. Loyd, was convicted in the district court for Douglas County of second degree murder, and was sentenced to 30 to 35 years in prison. The State of Nebraska appeals, claiming that the sentence is excessively lenient. Finding no abuse of discretion in the sentence imposed, we affirm.

### FACTUAL BACKGROUND

Loyd was originally charged with first degree murder. He pled no contest to the amended charge of second degree murder, a Class IB felony, and was sentenced to 30 to 35 years in prison, with credit for 606 days served.

The factual basis for the conviction shows that on August 14, 2013, Loyd assaulted and strangled his former girlfriend, resulting in her death, after which he placed her body in an open

grave in a cemetery. The presentence investigation report (PSI) reveals that Loyd was 19 years old at the time of the murder. Approximately one week before the homicide, Loyd went to the Omaha Police Department to discuss his father's 1995 homicide. Because of Loyd's troubling statements to law enforcement about killing his mother, he was placed in emergency protective custody. He was diagnosed with schizophrenia, but was released in the early afternoon of August 14. His physician at the treatment center indicated that at the time of discharge, Loyd was on medication, denied homicidal ideations for several days, and his thought process was organized. However, there is also some suggestion in the PSI that Loyd was not on his medication at the time of the murder. Loyd checked himself back into the treatment center later on the evening of August 14.

After the murder, Loyd was diagnosed with paranoid schizophrenia and was found incompetent to stand trial. Two experts felt that he could be restored to competency with appropriate treatment. In April 2014, a forensic psychiatrist with the Lincoln Regional Center opined that Loyd was competent to stand trial and would need to stay on medication to maintain competency. In January 2015, another psychiatrist opined that Loyd did not fulfill the criteria for an insanity plea. Loyd subsequently entered into the plea agreement and his plea of no contest was accepted on January 29, 2015.

## ASSIGNMENT OF ERROR

Combined and restated, the State asserts that the district court abused its discretion in imposing an excessively lenient sentence on Loyd.

## STANDARD OF REVIEW

When reviewing a sentence imposed within the statutory limits, an appellate court reviews for an abuse of discretion. *State v. Parminter*, 283 Neb. 754, 811 N.W.2d 694 (2012); *State v. Thompson*, 15 Neb. App. 764, 735 N.W.2d 818 (2007). A judicial abuse of discretion exists only when the reasons or rulings of a trial court judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id*.

## ANALYSIS

Neb. Rev. Stat. § 29-2320 (2014 Cum. Supp.) allows for the prosecuting attorney or the Attorney General to appeal sentences based upon a claim that the sentence imposed is excessively lenient. Second degree murder is a Class IB felony and carries a minimum sentence of 20 years' imprisonment and a maximum sentence of life imprisonment. Loyd's sentence was within statutory limits.

The State nevertheless argues that the sentence imposed was an abuse of discretion. Specifically, the State argues that the sentence fails to fully appreciate the nature and seriousness of the offense, Loyd's characteristics, and the need to deter future criminal conduct; does not fully realize the impact of the crime on the victim and her family or the need to protect the public; and does not promote respect for the law or provide a just punishment for the offense. The State points to Loyd's violent nature, the heinous nature of the murder, Loyd's history of mental health issues, his disrespect for the law as evidenced by the numerous bench warrants issued for him, and the need to protect the public from his release at a fairly young age. Loyd argues that the sentence was

not excessively lenient, pointing to his psychiatric history, his precarious mental state at the time of the crime, his acceptance of responsibility for his actions, and his minimal criminal history.

Neb. Rev. Stat. § 29-2322 (Reissue 2008) states in relevant part that an appellate court, upon a review of the record, shall determine whether the sentence imposed is excessively lenient, having regard for:

> (1) The nature and circumstances of the offense;
>
> (2) The history and characteristics of the defendant;
>
> (3) The need for the sentence imposed:
>
> (a) To afford adequate deterrence to criminal conduct;
>
> (b) To protect the public from further crimes of the defendant;
>
> (c) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and
>
> (d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and
>
> (4) Any other matters appearing in the record which the appellate court deems pertinent.

A sentencing court is not limited in its discretion to any mathematically applied set of factors. *State v. Parminter, supra*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*. But the court must have some reasonable basis for imposing a particular sentence. *Id*.

We have reviewed the lengthy PSI in light of the considerations enunciated above. There is no question that the crime committed by Loyd was violent and severe. There is also no question that Loyd has a history of significant mental health issues for which he has received treatment on and off throughout his short lifetime. According to the PSI, Loyd began receiving psychiatric treatment when he was 13 years old, at which time he was hospitalized for 6 to 7 months in a psychiatric facility in North Carolina. He attempted suicide at age 14. Loyd received mental health treatment in Nebraska for a couple of years prior to this occurrence. He has received various diagnoses over the years including bipolar disorder, attention deficit disorder, oppositional defiant disorder, and schizophrenia. The record suggests that Loyd was suffering the effects of his mental illness at the time he committed this crime. The record also suggests that his mental illness has been controlled, at times, with medication.

Loyd's criminal history includes juvenile court charges of shoplifting and failure to appear stemming from an offense in April 2011. As an adult, Loyd has been convicted of possession of marijuana (one ounce or less), and various vehicle and traffic related violations. He was charged with assault and battery against the same victim in June 2013, however, this charge was dismissed. Loyd was also charged with assault in December 2013 while incarcerated but prosecution was declined. Loyd has received several misconduct reports while incarcerated at Douglas County Corrections.

Loyd scored in the high risk range on the domestic violence matrix which indicates he poses a significant risk of harm to future victims. On the overall Level of Service/Case

Management Inventory evaluation, Loyd scored in the high risk category. Based upon the seriousness of the offense, the probation officer recommended a significant sentence of incarceration. The victim impact statements from the victim's family and friends requested that Loyd receive a life sentence, expressing fear for themselves and others if he is ever released from prison.

At the sentencing hearing, the State argued that Loyd should receive a significant sentence of incarceration. Loyd's counsel requested that Loyd be given an opportunity to be released after a period of incarceration, noting that the crime carried a 20-year minimum sentence, and expressed the hope that through therapy, supervision, and medication, Loyd will be able to rejoin society. Loyd's counsel also suggested that mental health commitment may be available at the conclusion of Loyd's sentence should that be necessary. The district court, prior to imposing sentence, discussed the nature of the crime; that it was caused either by Loyd's mental state or his violent nature, that it was unfortunate that he was not taking his medications at the time of the murder, and that the court was giving him some "credit in mitigation" for the fact that he had taken responsibility for the crime.

Based upon our review of the record, we cannot say that the trial court abused its discretion in sentencing Loyd. While the sentence imposed is not a life sentence as suggested by the victim's family, it is a significant sentence. The minimum portion of the sentence is well beyond the statutory minimum of 20 years. The district court had the benefit of a thorough PSI at the time of sentencing and considered the relevant factors in imposing sentence. The sentence reflects the seriousness of the offense and the need to provide just punishment for the offense. The sentence also reflects the history and characteristics of the defendant; namely, that he has suffered from mental health issues at various times in his life. However, at the time of sentencing, Loyd accepted responsibility for his actions and expressed his remorse.

Because the sentence imposed was not clearly untenable, we affirm.

## CONCLUSION

The district court did not abuse its discretion by imposing an excessively lenient sentence.

AFFIRMED.